UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV- 22083

SUCHAIL ARREBATO,

    Plaintiff,

vs.

AMERICAN PUBS III, INC. d/b/a
SPINNAKERS BAR & GRILL,
ALAN WINSTON, and
JERROLD RUBINSTEIN,

    Defendants.
_____/

## **COMPLAINT FOR FLSA MINIMUM WAGE VIOLATION(S)**

Plaintiff, Suchail Arrebato, sues Defendants, American Pubs III, Inc. d/b/a Spinnakers Bar & Grill, Alan Winston, and Jerrold Rubinstein, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Suchail Arrebato**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2.     Plaintiff consents to participate in this lawsuit.

3.     Plaintiff was a non-exempt employee of Defendants.

4.     **Defendant, American Pubs III, Inc.**, is a for profit Florida company that is *sui juris* and has operated its restaurant business here, in Miami-Dade County, Florida, at all times material under the fictitious name of "Spinnakers Bar & Grill".

5.     **Defendant, Alan Winston**, was at all material times a resident of this District. He was and is a manager, owner, officer, director, and/or operator of the corporate Defendant

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

for the relevant time period. He ran its day-to-day operations.

6. **Defendant, Jerrold Rubinstein**, was at all material times a resident of this District. He was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He also ran its day-to-day operations.

7. Defendants were Plaintiff's employers, direct employers, and joint employers as the term "employer" is defined by 29 U.S.C. §203 (d).

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, maintain their principal place of business in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. In particular, Defendants have been at all times material an enterprise engaged in interstate commerce in the course of their receipt, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, beer, liquor and products that have moved through interstate commerce prior to their receipt of same.

12. Defendants cooked, prepared, and stored these foodstuffs, perishables, and beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

13. Furthermore, Defendants regularly and routinely: obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

14. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

15. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

16. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and routinely handling and preparing food, produce, beer, liquor, and beverages that traveled through interstate commerce while also utilizing supplies, knives, equipment, dishwashing machines, and equipment that also traveled through interstate commerce.

17. Plaintiff also would regularly and routinely utilize credit/debit card processing machines that would transmit information outside of the State of Florida as part of her work for Defendants.

18. Plaintiff worked for Defendants as a bartender from February 6, 2019 through and including April 28, 2019.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

19. Defendants, in turn, would pay Plaintiff in cash at the rate of approximately $25 per shift, but without any attendant documentation identifying her hours worked, pay received, hourly rate, or tip credit applied.

20. In Florida, and for the relevant time period, the minimum wage was set at $8.46/hour for 2019.

21. The FLSA, at 29 U.S.C. §218 and 29 C.F.R. §778.5, requires that all non-exempt employees be paid a minimum wage that is at or greater than the minimum wage established by any other law.

22. During the last three years, Defendants utilized the tip credit to pay Plaintiff at an hourly wage rate that was less than the entirety of the applicable minimum wage.

23. If an employer satisfies the "tip credit" requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

24. To utilize the tip credit, an employer must allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m).

25. An employer must also notify its employees that it would be relying on the "tip credit" to make up the remaining $3.02 per hour.

26. The FLSA requires that employers such as Defendants provide their employees with sufficient reimbursements for employment-related expenses to ensure that employees' hourly wages equal or exceed the minimum wage after employment related expenses ("kickbacks") are counted against (or deducted from) the hourly wages.

27. If an employer fails to satisfy these requirements, it may not take advantage of the

4

tip credit and must directly pay its tipped employees the full applicable minimum wage.

28. Defendants purported to claim a "tip credit" allowed by the FLSA and Florida law.

29. Defendants paid Plaintiff a wage of $25 per shift, in cash, for the approximately 8 hours that she worked each shift.

30. Defendants reduced Plaintiff's direct hourly wage by requiring her to pay for walk-outs.

31. Defendants further reduced Plaintiff's direct hourly wage by requiring her to make up the difference when her cash register was short from her tips and/or wages at the end of her shift.

32. Therefore, During the Relevant Time Period, Plaintiff did not retain all her tips received from customers. Instead, Defendants required Plaintiff to share a portion of her tips with the house by requiring her to satisfy any cash register or inventory shortages with a commensurate portion of her tips.

33. Defendants also failed to ensure that Plaintiff's direct hourly wage, when combined with the tips she received, met or exceeded the applicable wage during her first six (6) or so weeks of employment while she was "in training".

34. Plaintiff also spent significant time engaged in traditionally non-tipped activities.

35. By failing to satisfy the requirements of 29 U.S.C. § 203(m) during the Relevant Time Period, Defendants were not eligible for the tip credit and were required to pay Plaintiff the entirety of the applicable minimum wage.

36. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the

5

relevant time period violated the FLSA and then failed to timely correct their violation.

      37.    Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

      38.    Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Suchail Arrebato, demands the entry of a judgment in her favor and against Defendants, American Pubs III, Inc. d/b/a Spinnakers Bar & Grill, Alan Winston, and Jerrold Rubinstein, jointly and severally, after trial by jury and as follows:

    a.    That Plaintiff recovers compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.    That Plaintiff recovers all tips improperly retained by Defendants;

    c.    That Plaintiff recovers pre-judgment interest on all tips and on all unpaid minimum wages if the Court does not award liquidated damages;

    d.    That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    e.    That Plaintiff recovers all interest allowed by law;

    f.    That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    g.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    h.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 22nd day of May 2019.

                                              Respectfully Submitted,

                                              s/Brian H. Pollock, Esq.
                                              Brian H. Pollock, Esq.
                                              Fla. Bar No. 174742
                                              brian@fairlawattorney.com
                                              FAIRLAW FIRM
                                              7300 N. Kendall Drive
                                              Suite 450
                                              Miami, FL 33156
                                              Tel:    305.230.4884
                                              *Counsel for Plaintiff*